UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RAMSEY A. HOUSTON

As Personal Representative
of the Estate of Christopher L. Young

      Plaintiff,

                          Docket No.:

v.

NATIONAL RAILROAD PASSENGER CORPORATION
a/k/a AMTRAK

Defendant.

## COMPLAINT and JURY DEMAND

1. Plaintiff Ramsey A. Houston (Houston) is the duly appointed personal representative of the Estate of Christopher L. Young pursuant to letters of authority issued by Suffolk County Probate Court, Docket No. SU15P1003EA, attached as Ex. A.  Houston resides in Brockton, Massachusetts.

2. Defendant National Railroad Passenger Corporation (a/k/a Amtrak) is a corporation organized under the laws of the United States, 49 U.S.C. § 24101 et seq.  Pursuant to 49 U.S.C. § 24301(b), Amtrak's principal office and place of business is deemed located in the District of Columbia, at 60 Massachusetts Avenue, N.E., Washington D.C. 20002.   Amtrak regularly conducts business in this district.

3. This is an action brought to recover compensatory and punitive damages for the wrongful death of Houston's father, Christopher L. Young, pursuant to Mass. Gen. L. c. 229, § 1 et seq.

4. Pursuant to 28 U.S.C. § 1332 (a) (1), the district court has diversity jurisdiction over this action because the parties are citizens of different states (Washington D.C. is considered a state for purposes of diversity

1

jurisdiction, 28 U.S.C. § 1332 (e)) and the amount in controversy exceeds $75,000.

5. On December 3, 2012 Christopher L. Young, aged forty-six, boarded an Amtrak train at Baltimore's Penn Station with a ticket to South Station in Boston.  He was returning to Boston after visiting his mother in Baltimore.

6. Amtrak train 190 departed Penn Station at 4:21 a.m.  At 4:27 a.m. the engineer radioed Amtrak's National Communication Center (NCC) that there was a "non-responsive" passenger in the first car.  According to Amtrak's incident report, a conductor observed Young convulsing and foaming at the mouth.

7. The train was fast approaching Martins Station in Baltimore County, a commuter rail station which was not a scheduled stop for Train # 190.  The engineer requested authority from NCC to stop the train there to meet local emergency medical personnel.  There is a fire station with emergency medical services two miles from Martins Station.  Amtrak's NCC inexplicably refused the engineer's request and directed the train to proceed to the next scheduled stop, an additional twenty minutes down the line.  The train did not arrive at Aberdeen (Maryland) Station until 4:47 a.m.

8. The paramedics who met the train reported that Young was unconscious and did not have a pulse.  They observed a "large amount of secretions from his mouth and face" and that Young had experienced cardiac arrest.  They attempted defibrillation without success.  Young's body was taken to a local hospital where he was pronounced dead at 5:22 a.m.

9. The state medical examiner performed an external examination and determined that the cause of death was dilated cardiomyopathy, a condition Young had been diagnosed with eight years prior to December 3, 2012.

10. Dilated cardiomyopathy means the chambers of the heart have dilated or enlarged.  The condition can be caused by a number of factors, it may be a familial condition or caused by certain viruses.  It is typically accompanied by a reduction in the squeeze/pumping capability of the heart, and if left untreated/mismanaged, can lead to cardiac arrhythmia (abnormal heart rhythm), which can be fatal.  The treatment for cardiac arrhythmia is defibrillation, the sooner the better, because the body (and most importantly the brain) is not receiving sufficient oxygen.

11. It was clear to Amtrak's NCC, as it was to the engineer of Train 190, that

Young was in need of immediate emergency medical services, such as defibrillation, which could have been provided almost immediately at the next station.  Amtrak breached its duty of care by failing to allow Train 190 to access the nearest available EMS and ordering it to continue another twenty minutes to the next scheduled stop.  Young could have recovered from cardiac arrest if Amtrak had not breached its duty of care.

### FIRST CAUSE OF ACTION
### Wrongful Death – Compensatory Damages

12. The foregoing allegations are hereby restated and incorporated in this cause of action.

13. Defendant National Railroad Passenger Corporation breached its duty of reasonable care to decedent Christopher L. Young by failing to allow Train 190 to stop at Martins Station, failing to follow its own emergency procedures or have a reasonable emergency procedure in place, and failing to properly train its employees to respond to passenger medical emergencies.

14. As a result of Amtrak's negligence, Young suffered bodily injury as well as pain and suffering and his son Ramsey Houston has been deprived of his love, services, protection, care, assistance, society, comfort, companionship, guidance, counsel, advice and economic support.

### SECOND CAUSE OF ACTION
### Wrongful Death – Punitive Damages

15. The foregoing allegations are hereby restated and incorporated in this cause of action.

16. Defendant National Railroad Passenger Corporation's acts and omissions were grossly negligent and reckless.

17. As a result of Amtrak's gross negligence and reckless conduct, Young suffered bodily injury as well and pain and suffering leading to his death.

WHEREFORE, Plaintiff Ramsey A. Houston, Personal Representative of the Estate of his father Christopher L. Young, requests judgment pursuant to the Massachusetts Wrongful Death Statute, Mass. Gen. L. c. 229, § 2, in an amount that will fully and fairly compensate Young's estate.  Plaintiff also requests judgment against Defendant in an amount which will adequately punish and deter Defendant for its gross negligence and recklessness.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated: December 3, 2015

                                             Plaintiff, Ramsey A. Houston,
                                             By His Attorneys

                                             /s/ John R. Bita III_____
                                             John R. Bita III, Esq. (BBO #667886)
                                             35 India Street, 4th Floor
                                             Boston, Massachusetts 02110
                                             (617) 538-5407
                                             jrb@bitalaw.com